The payment by the plaintiff, on the return of the check to it, was not voluntary. It was forced by the action of the clearing-house.

This action is equitable in its nature. The question really is upon whom the loss should fall. Under the circumstances of this case, I think the defendant should bear the loss.

Judgment affirmed.

---

SAMUEL PHILIPS *v.* DARIUS W. SMITH *and* ISAAC H. DAHLMAN.

A bond, given by the vendors of certain property, conditioned that if the premises should be released from the lien of a certain judgment on or before a certain day, the bond should be void, &c., is not an absolute promise on the part of the obligors to pay and discharge the judgment. It is merely an undertaking to indemnify against damage which the grantee of the premises might sustain by force of " the lien " of the judgment.

In an action upon such a bond by the purchaser, for condition broken, it must

appear affirmatively that the judgment was a lien on the property at the time of the conveyance.

APPEAL by the plaintiff from a judgment of the general term of the Marine Court, affirming a judgment of dismissal.

The action was brought on a bond given by the defendants. The complaint alleges that Lydia C. Smith and Darius W. Smith, her husband, on the 25th February, 1865, by warranty deed, with full covenants, conveyed certain premises in the city of New York to the plaintiff. That at that time there remained unsatisfied, of record in the office of the clerk of the city and county of New York, a certain judgment docketed against one William H. Sparks, in favor of William P. Hyett, for the sum of $250.97; that the judgment was a lien on the premises, the same having been owned by Sparks, and conveyed by him after the docketing of the judgment; that, in view of the judgment, the plaintiff declined to take the title, unless the judgment was paid. That thereupon, and in order to induce the plaintiff to take the title, the defendants, on the 17th day of March, 1865, executed and delivered to the plaintiff a bond, under their hands and seals, in the penal sum of $500, said bond being conditioned, that if the property should be released from the lien of the judgment on or before the 15th June, 1865, the same to be void, &c.; that the property was not released from the judgment at any time before, nor on the day specified, whereby the plaintiff claimed damages to the amount of the judgment.

The defendants, in their answer, admitted the recovery of the judgment, and that it was unpaid, but denied that it was, or ever had been, a lien or incumbrance on the premises; and averred that Sparks had no interest in the premises when the judgment was recovered or docketed, nor subsequent thereto. On the trial, the plaintiff offered the bond in evidence, and rested; whereupon the defendants moved the dismissal of the complaint, which was granted; and from the judgment of the general term, affirming this judgment of dismissal, the plaintiff appealed to this court.

*Livingston K. Miller*, for appellant, cited *Juliand* v. *Bur-*

*gott* (11 John. 477); *Port* v. *Jackson* (17 John. 239, 479); *Thomas* v. *Allen* (1 Hill, 145); *Gilbert* v. *Wiman* (1 N. Y. 550); Washburn on Real Prop. (vol. 2, § 5, p. 697).

*William Ware Peck*, for respondents, cited *Ells* v. *Tousley* (1 Paige, 280); *Keirsted* v. *Avery* (4 Paige, 9); Code, § 280; *Delevergne* v. *Norris* (7 John. 358).

BY THE COURT.—VAN VORST, J.—The obligation relied on by the plaintiff, as the foundation for a recovery, is not an absolute promise on the part of the obligors to pay and discharge the judgment in question. There is no absolute promise, even for its removal from the record.

If such had been the character of the undertaking, the defendants might well have been held liable in an action for the amount of the judgment, if the same had not been paid, discharged, or removed by the day named.

But the undertaking in question is of the nature of an obligation to indemnify against damage which the grantee of the premises might sustain, by force of "the lien" of the judgment. If there was no lien, there could be no damage.

The obligation assumed by the signors of this instrument is truly conditioned only.

They undertake that the property shall be released from "the lien of the judgment" on or before the 15th day of August, 1863.

It is quite clear that, if the judgment was not a lien on the property at the time of the conveyance to the plaintiff, then there was no incumbrance to be removed, and no damage could have occurred, or can happen, to the grantee of the premises by reason of the judgment, and no liability could arise under the bond.

The bond in question, by its terms, is no broader than the covenants of warranty in the deed.

No recovery could be had against the covenanters in the deed, unless the judgment was proved to be a lien on the premises, in which event damage would be presumed to follow.

The bond in question was, doubtless, exacted by the grantee as further security for the performance of the covenants in the deed, one of the grantors being a married woman.

In order to have entitled the plaintiff to recover in this action, he should have established, by affirmative proof, that Sparks, the judgment debtor, was seized of the premises, or of some part thereof, at the time of the docketing of the judgment, or subsequent thereto ; or, in other words, that the judgment was a lien on the property at the time of the conveyance thereof to the plaintiff.

This he failed to do, and the complaint was properly dismissed.

Judgment affirmed.